# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06MJ04

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ADRIAN LOWELL BEATTIE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on May 22, 2006 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Janna Allison, and that the Government was present through Assistant United States Attorney, Jill Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on May 22, 2006. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a bill of information with one count of possession a controlled substance, to wit, methamphetamine. The defendant was initially charged in file 1:05cr250 with conspiracy to manufacture with intent to distribute methamphetamine. The

defendant was ordered detained pending a detention hearing. A detention hearing was later held on November 8, 2005 and the defendant was detained until December 19, 2005 at which time the defendant was released on an unsecured bond and placed on pre-trial supervision. On February 14, 2006 the defendant made an initial appearance and entered a plea of guilty in file 1:06mj04. The felony charges contained in file 1:05cr250 were dismissed on February 15, 2006. The defendant had been released on terms and conditions of pretrial release in file 1:06mj04 by an order entered on February 14, 2006. In that order, the defendant was ordered to:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(p) Refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing required as a condition of release.

On February 26, 20065, the defendant was sentenced to a term of imprisonment of six months. The defendant was continued on conditions of release so that the defendant could voluntarily surrender to serve his active sentence.

On May 19, 2006, the defendant attempted to use a glass bottle containing a yellowish liquid as his urine when he was asked to submit to an urinalysis drug test. The attempt by the defendant to use this bottle and the liquid contained therein was detected by the United States Probation Office. At that time, the defendant submitted a true urine specimen which tested positive for marijuana. The

defendant then admitted to the United States Probation Office that he has smoked marijuana approximately two weeks prior to May 19, 2006.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed marijuana so that he could consume that substance. That possession violated both federal and state law. It is a misdemeanor under federal and state law to possess marijuana.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown that the defendant violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by licensed medical practitioners.

The defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing which was required as a condition of release. On May 19, 2006 the defendant attempted to use a glass bottle containing a yellowish liquid to submit as his urine for testing purposes. This was an attempt by the defendant to obstruct or tamper with the efficiency and accuracy of prohibited substance testing.

Due to the findings made above, it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. The defendant's continued use of narcotics endangers himself. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be taken into custody for service of his sentence. The defendant is to be given credit for incarceration for the period of May 22, 23 & 24 in addition to all other time served for which the defendant is entitled to credit.

Signed: June 1, 2006

_____

Dennis L. Howell
United States Magistrate Judge